WOODSIDE and another *v.* PENDER.

Where the condition of a bond was, that wages advanced to a seaman should be repaid in case he failed to proceed to sea, and the seaman went on board, but committed an assault for which he was arrested and detained in port till after the vessel sailed; *held*, that the surety was liable.

The substitution of another seaman in his place, without any transfer of the security or of the advance, will not relieve the surety.

Proof of a parol contract to become surety for the substituted seaman in place of the one named in the bond, will not create a liability against the obligor for the default of the former.

Where *the return* from a justice's court fails to show what judgment, if any, has been rendered, this court will, on that ground, dismiss an appeal, with costs.

APPEAL in an action upon a bond. The facts, so far as they are disclosed in the papers, appear in the opinion.

By THE COURT. INGRAHAM, FIRST J.—It does not appear from this return, which comes before us from one of the district courts, what judgment the justice has rendered, or whether he has rendered any. We are, therefore, unable to say whether it should be reversed or affirmed.

From the papers, it appears that the action is against a surety for Wallace and Barry, seamen, conditioned that they should proceed to sea in a brig, for which they had signed shipping articles. The object of the security is to secure the advance necessary, in case the seamen do not perform the voyage.

In regard to Barry, it is admitted that he did not go. The parties agreed to substitute another in his place, without any transfer of the security or of the advance. There can be no doubt of the obligation, under such circumstances, to refund such advance. Barry received the advance. He has not repaid it, and did not perform his contract.

In regard to Wallace, he went on board while the vessel lay at anchor, and left the vessel before she weighed anchor.

It cannot, therefore, be said she had proceeded on her voyage. She was in the same place and condition as when the man went on board.

The cause of Wallace's leaving the vessel was his own insubordination. This appears from the fact, that he was tried and convicted, in the Court of Sessions, of assault and battery committed on board the vessel. He unfitted himself by his own misconduct for performing his contract, and, having done so, he is bound to refund the advance money. It was for such a purpose that the security was taken, viz., to require the seamen to sail in the vessel, in order that the advance may be earned.

If the justice rendered judgment for both Wallace and Barry, the judgment was correct. With the default of Sweeny, the defendant has nothing to do, as he has never been surety for him, and he could not be made so by a parol contract of substitution.

As the return, however, is imperfect, we can give no judgment herein; but the views above expressed may render it unnecessary for the parties to prosecute the appeal any further.

As the case stands before us, we can make no other order than to dismiss the appeal, with $10 costs.

Appeal dismissed accordingly.